PLOTKIN, Judge,
dissenting.
For the following reasons, I respectfully dissent from the majority’s conclusion that the trial court abused its discretion in finding the defendant grossly negligent for reassigning the plaintiff to elevator duty on October 25, 1976. I find ample support in the record for the trial court’s findings as to law and fact and would therefore affirm the trial court’s judgment. Negligence
In order to recover from the defendant on the basis of negligence, the plaintiff must prove the existence of a duty, breach of that duty, cause in fact, and legal causa *645 tion. Pitre v. Opelousas General Hospital, 530 So.2d 1151 (La.1988), Shroyer v. Grush, 555 So.2d 534 (La.App. 4th Cir.1989). In the context of this case, the plaintiff was required to establish that the defendant was in the care, custody and control of the thing which caused injury to the plaintiff, that the condition of this thing presented an unreasonable risk of injury to the plaintiff, that the defendant knew or should have known of the unreasonably dangerous condition of this thing, and that the defendant failed to render the thing safe or to take adequate steps to prevent the injury. Kent v. Gulf States Utilities, 418 So.2d 493, 497 (La.1982). Defendant’s appeal focuses on the sufficiency of testimony and other evidence offered to prove that the plaintiff was injured while operating an elevator which her employer knew or should have known posed an unreasonable risk of harm. I believe that the majority has improperly applied the relevant tests and standards to the facts of this case. The record sufficiently supports the trial court’s conclusion that the operating condition of the elevator presented an unreasonable risk of harm which caused the plaintiff’s injuries. There is also sufficient basis for concluding that the defendant knew or should have known of the risk but chose nevertheless to reassign the plaintiff to elevator duty.

The Employer’s Duty and Breach of that Duty

The plaintiff, Edna White, was employed by the Orleans Parish Criminal Sheriff’s Office on October 25, 1976 when she was assigned to operate a prison elevator. It is undisputed that the elevator was in the care, custody and control of the defendant/employer. As the majority notes, it is well established that an employer has a duty to provide employees with a safe place to work, including proper tools, equipment and methods for safely performing their duties. Miller v. Employers Mutual Liability Ins. Co., 349 So.2d 1353 (La.App.2d Cir.1977). I believe that the operating condition of the elevator was so deteriorated as to present an unreasonable risk of harm to the plaintiff on October 25, 1976, and as such amounted to a breach of the employer’s duty to his employee.
The majority misleadingly uses the word “defect” to describe the difficulty of operation required to create an unreasonable risk of harm. It was not necessary for the plaintiff to prove that the elevator was defective except to the extent that it posed an unreasonable risk of harm under the circumstances. This standard, established by the supreme court in Kent v. Gulf States Utilities, 418 So.2d 493, 497 (La. 1982), was recently restated by this circuit: “the plaintiff must prove that the thing created an unreasonable risk of injury that resulted in damage....” Socorro v. Orleans Levee Board, 561 So.2d 739, 752 (La. App. 4th Cir.1990). Although courts have used the word “defective” to describe the condition of the thing which caused injury to a plaintiff, such language is misleading where proof of an unreasonable risk of harm is sufficient to meet the plaintiff’s burden. There is ample evidence in the record to support the conclusion that the elevator was in disrepair and strenuous to operate and as such posed an unreasonable risk of harm to the plaintiff under the circumstances. The trial court’s judgment was by no means manifestly erroneous.
The majority cites testimony in the record which supports its contention that other women had been assigned to work the elevator in the past, and that the elevator was not actually broken. Neither of these points is probative of the fact that the elevator presented an unreasonable risk of harm to Edna White on October 25, 1976. There is considerable testimony from the plaintiff and her witnesses as well as from defense witnesses which supports the plaintiff’s claim and the trial judge’s conclusion that the elevator was strenuous to operate. Ms. White and Philip Granier testified that the manually operated doors of the elevator required great effort to open and close. Ms. White recalled that she had been forced to seek help from the watch commander when the third floor elevator door had jammed on October 18. Mr. Granier testified that a male usually operated the elevator because the work was strenuous. Several witnesses explained *646 that the controlling lever of the third floor door had been broken off and rewelded, making it even more difficult to operate. Mr. Gerard J. Hoffman, Jr., who was employed by the Criminal Sheriff as an electrician at the time of the incident, testified that the elevator was old and sometimes broke down. The trial judge chose to credit the testimony which indicated that the elevator was strenuous to operate and this judgment is based firmly upon reliable testimony.

Employer’s Knowledge

Although proof that the elevator was difficult to operate does not, by itself, prove that reassignment to elevator duty was negligent, the testimony of Ms. White, whom the court found to be “a very credible witness,” and documentary evidence of a doctor’s note presented to the watch commander, support the conclusion that circumstances known to the defendant/employer made the assignment unreasonably dangerous for this plaintiff. In light of the fact that Ms. White had been injured while working the same elevator only five days earlier, and had been confined to bed rest as a result, the trial court reasonably concluded that the reassignment to elevator duty was the cause of Ms. White’s injury and that the watch commander, who knew of Ms. White's injury from a doctor’s note, was negligent in reassigning Ms. White to work the elevator.
The majority improperly places emphasis on the absence of testimony offered to prove that elevator duty is implicitly too strenuous for a woman. No such proof is necessary for a finding of negligence in this case. As previously stated, the plaintiff need only have proved' that under the circumstances existing on October 25, 1976, her reassignment to elevator duty posed an unreasonable risk of harm. The watch commander was aware that the elevator was at the very least strenuous to operate, and knew that Ms. White had been injured only five days earlier while performing the same duty; he had instructed Ms. White to consult with prison medical personnel at the time of the initial injury on October 20, 1976. The note from a Charity Hospital doctor, in conjunction with this other evidence, provides sufficient basis for concluding that the watch commander knew or should have known of the risk elevator duty posed to this plaintiff.
There is jurisprudential support for a finding of negligence where an employer has assigned an employee to perform duties under circumstances which involve substantial risk of injury. In Talluto v. Patchen, 370 So.2d 618 (La.App. 4 Cir. 1979), where two men were assigned to lift and move a heavy table, resulting in injury to one of the men, this court upheld a finding of negligence on the part of the employer who breached his duty “to see that the employees were provided with a safe method to perform work with safe equipment under the circumstances.... ” Similarly, in an action brought against an employer under the Federal Employers’ Liability Act by an employee injured while lifting a railroad tie, this court upheld a finding that the employer was “negligent in failing to assign a sufficient number of men, or a sufficient work force to move the railroad ties manually.” Turner v. New Orleans Public Belt Railroad, 414 So.2d 847 (La.App. 4 Cir.1982). These cases underscore the employer’s responsibility to assign work which is compatible with each employee’s physical ability and physical limitations.
In the case at bar, given the totality of the circumstances — including the plaintiff’s prior injury while working in the same capacity, the petite physical stature of the plaintiff, and the operating condition of the elevator — I believe that the defendant was negligent in reassigning Ms. White to elevator duty and I would affirm the trial court.